ARGON FINANCIAL GROUP, Plaintiff,

v.

Frederic MARRO, Defendants.

Civ. A. No. 94–2461 (GK).

United States District Court,
District of Columbia.

Jan. 13, 1995.

Michael Antonio Luster, Washington, DC, for Argon Financial Group.

Charles W. Havens, Leboeuf, Lamb, Greene & Macrae, L.L.P., Washington, DC, for Frederic Marro.

## MEMORANDUM-ORDER

KESSLER, District Judge.

This matter is before the Court upon the Defendant's Motion to Dismiss[1]. Upon consideration of the Motion, Plaintiff's Opposition, Defendant's Reply, the entire record herein and the applicable case law, the Court

---

1. Plaintiff had filed a Motion for Temporary Restraining Order and Preliminary Injunction when the case was first filed in Superior Court prior to its removal to United States District Court. At a status held in open court on January 12, 1995, counsel for Plaintiff indicated that such relief was no longer being requested and the Court will consider the Motion as withdrawn.

concludes that the Motion should be granted for the following reasons.

1. D.C.Code Ann. § 35–2822 (1994 Supp.) provides that "The courts of the District shall give full faith and credit to injunctions against the liquidator or the company, or the continuation of existing actions against the liquidator or the company, when the injunctions are included in an order to liquidate an insurer pursuant to corresponding provisions in other states ..."

On May 5, 1994, the Delaware Chancery Court entered a Liquidation and Injunction Order providing that "All officers, agents, and employees of Consumers United, and all other persons and companies having notice of these proceedings or of this Order are hereby prohibited from instituting or further prosecuting any action at law or in equity or in other proceedings against Consumers United, or the Commissioner as Receiver, or for obtaining preferences, judgments, attachments or other like liens or encumbrances, or the making of any levy against Consumers United or the property or assets of Consumers United while in the possession and control of the Commissioner as Receiver, or in any way interfering with the Commissioner in her possession and control of the property, books, records and all other assets of Consumers United."

■ It is clear that by virtue of Section 35–2822 the City Council of the District of Columbia has decided that full faith and credit are to be given to the type of injunction entered in this case by the Delaware Chancery Court and that that court—which is in the insurer's state of domicile—is to retain full jurisdiction over the matter. Consequently, this case must be dismissed pursuant to D.C.Code Ann. § 35–2822.

■ 2. The abstention doctrine requires that this Court defer to the Delaware Chancery Court so that it may supervise and regulate the liquidation process in an orderly and comprehensive manner. See the McCarran–Ferguson Act, 15 U.S.C. § 1011 et seq., (1988); *U.S. Department of Treasury v. Fabe*, — U.S. —, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993); and *Burford v. Sun Oil*

*Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

3. Plaintiff has failed to state a claim, pursuant to Fed.R.Civ.Pro. Rule 12(b)(6) for the following reasons.

■ In Count I, Plaintiff alleges that Defendant has breached his fiduciary duty to Plaintiff. Defendant does not owe the Plaintiff, who is a creditor and "interested investor" but not a policyholder of Consumers United Insurance Company ("CUIC"), any legal duty, and Plaintiff has alleged none.[2] Having alleged no duty owed to him, and none in fact being owed to him, Plaintiff has no standing to assert a cause of action based on breach of a fiduciary duty.

■ In Count II, Plaintiff alleges tortious interference with contractual relations, claiming that an agreement was reached between himself and Ms. Mulholland, the Receiver. Before any valid contract can be entered into for the purchase of CUIC, a prospective purchaser must first fill out required forms for review by the Delaware Department of Insurance and final approval must be given by the Delaware Chancery Court. It is undisputed that no such approval by the Delaware Chancery Court was given or alleged, nor were the approval forms even filled out by Plaintiff.

■ In Count III, Plaintiff alleges a violation of 42 U.S.C. § 1983. This Circuit has imposed a heightened pleading requirement in civil rights claims against government officials, and the vague and unspecific allegations contained in Count III of the Complaint do not satisfy that requirement. *Kimberlin v. Quinlan*, 6 F.3d 789, 793–798, fn. 9 (D.C.Cir.1993), *reh'g, en banc. den.* 17 F.3d 1525 (D.C.Cir.1994).

■ 4. Defendant also argues that he was not properly served with the summons and complaint as required by the Superior Court Rules of Civil Procedure (which are applicable because the suit was originally filed in that court) in that he was not served at his dwelling house or usual place of abode. See Super.Ct.Civ.R. 4(d)(1), 4(c)(2)(C)(i), and

---

**2.** Plaintiff is a corporation, but refers to himself     in both an individual and corporate capacity.

4(c)(2)(C)(ii). Plaintiff offers no argument in reply except the bare, unsubstantiated, unverified, undocumented assertion that "as a matter of fact, it has fully complied with the service requirements of Rule 4." For this reason, as well as the others stated, the Complaint must be dismissed.

WHEREFORE, it is this 13th day of January, 1995 hereby

ORDERED, that Defendant's Motion to Dismiss is **granted** and this Complaint is hereby **DISMISSED.**